```
                      UNITED STATES DISTRICT COURT            FILED
                      NORTHERN DISTRICT OF ALABAMA          99 OCT 14 PM 1:36
                           NORTHEASTERN DIVISION
                                                           U.S. DISTRICT COURT
T-H MARINE SUPPLIES, INC.,        )                         N.D. OF ALABAMA
                                  )
     Plaintiff,                   )
                                  )
vs.                               )    Civil Action No. CV-99-S-2331-NE
                                  )                    ENTERED
TEMPRESS PRODUCTS, LLC,           )
                                  )                    OCT 1 4 1999
     Defendant.                   )
```

## MEMORANDUM OPINION

This action is before the court on defendant's motion to dismiss or, in the alternative, to stay these proceedings. This motion is due to be granted.

### I. PROCEDURAL BACKGROUND

Defendant, Tempress Products, LLC ("Tempress"), sued plaintiff, T-H Marine Supplies, Inc. ("THM"), for patent infringement on August 10, 1999, in the United States District Court for the Northern District of Texas, Dallas Division ("the Texas action"). Tempress alleges in the Texas action that THM is infringing U.S. Patent 5,231,948, described as a "Hatch with Improved Latch and Hinge Assembly." This patent was legally assigned to Tempress, and Tempress currently possesses all rights relating to the patent. (*See* Defendant's motion to dismiss or stay (Doc. No. 5), Exhibit B (copy of complaint filed by Tempress in the Texas action), at ¶ 6.)

Specifically, Tempress claims in the Texas action that "THM is infringing the Tempress Patent in Suit by making, using, selling, offering for sale, importing into the United States and/or exporting from the United States, products, and boat hatches, without authority, that are covered by claims of the Tempress Patents in Suit." (*Id.* Exhibit B, at ¶ 8.) Tempress requests injunctive and monetary relief. (*See id.* Exhibit B, at 4.)

Tempress served THM with process in the Texas action on August 16, 1999. In the answer THM filed in the Texas action on September 9, 1999, THM denies any infringement of U.S. Patent 5,231,948, and states "that venue <u>may be</u> proper in this District but ... venue <u>should be</u> transferred to the [United States District Court for the] Northern District of Alabama." (*Id.* Exhibit C (copy of answer filed by THM in the Texas action), at ¶ 4 (emphasis supplied).)

THM filed the present action against Tempress in this court on September 3, 1999: *i.e.*, subsequent to service of process in the Texas action. THM seeks a judgment declaring "that [THM] has not infringed the Tempress Patent." (Complaint (Doc. No. 1), at 3.) The complaint specifically mentions U.S. Patent 5,231,948 and alludes to the Texas action previously filed by Tempress. (*See id.* ¶¶ 5, 7.) Indeed, THM's complaint states that it:

<u>is in the process of filing a motion to transfer venue of the Texas litigation to this Court</u> on the grounds that Tempress's products have been manufactured and are still being manufactured in Washington state, that Tempress apparently only has an office in Dallas, Texas, that the listed inventors in the Tempress Patent still reside in Washington state, that until recently the Tempress patent was owned by a Washington corporation, that the majority of Tempress's records will be in Washington, and that, generally, the Northern District of Alabama is a more logical and convenient forum. <u>T-H files this suit to have a case into which the U.S. District Court for the Northeast District [sic] will have a case to transfer the Texas litigation</u>.

(*Id.* ¶ 8 (emphasis supplied).) The complaint filed by THM in this court recites no facts that distinguish it from the complaint previously filed by Tempress in the Texas action.

## II. DISCUSSION

In *Ven-Fuel, Inc. v. Department of the Treasury*, 673 F.2d 1194 (11th Cir. 1982), the Eleventh Circuit stated: "In its discretion, a district court may decline to entertain a declaratory judgment action on the merits when a pending proceeding in another court will fully resolve the controversy between the parties." *Id.* at 1195. The court reiterated its position in *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169 (11th Cir. 1982):

> <u>In absence of compelling circumstances</u>, the court <u>initially seized</u> of a controversy should be the one to decide the case. It should make no difference whether the competing courts are both federal courts or a state and federal court with undisputed concurrent

3

jurisdiction.

*Id.* at 1174 (emphasis supplied). There is no reason to deviate from this "first to file" rule in this action.

THM filed its declaratory judgment action based upon the same patent and factual background Tempress alleged in the action it initiated in Texas. THM expressly denies in the answer it filed in response to Tempress' complaint in the Texas action that which it expressly petitions this court to declare — that THM did not infringe U.S. Patent 5,231,948. (*Compare* Defendant's motion to dismiss or stay (Doc. No. 5), Exhibit C (copy of answer filed by THM in the Texas action), at ¶ 8, *with* the complaint filed herein (Doc. No. 1), at ¶ 10.)

Further, THM's rationale in filing the declaratory judgment action in this court (so that the United States District Court for the Northern District of Texas "will have a case into which" it may transfer the Texas action) lacks merit or logic. (Complaint (Doc. No. 1) ¶ 8; *see also* Plaintiff's response to defendant's motion to dismiss (Doc. No. 8), at 5.) A district court "may transfer any civil action to <u>any</u> other district or division where it <u>might have been</u> brought." 28 U.S.C. § 1404(a) (emphasis supplied). The decision of the Texas court will not be influenced by the pendency

4

of a declaratory judgment action in this court, especially when this action was filed subsequent to the Texas action.

In sum, no compelling circumstances warrant retention of THM's declaratory judgment action in this court. The substance of the arguments advanced by counsel for THM in its response to Tempress' motion to dismiss relates to why the Texas action should be transferred to this court. In the event the Texas action is transferred here, THM will have an adequate opportunity to pursue the same argument in defending the claims of Tempress as it would have been able to make in the event it filed the declaratory judgment action first — that it has not infringed U.S. Patent 5,231,948. See *State Farm Fire and Casualty Company v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994) (one factor a district court may consider in declining to hear a declaratory judgment action is whether it serves a useful purpose in clarifying the legal relations at issue); *Allstate Insurance Company v. Green*, 825 F.2d 1061, 1063 (6th Cir. 1987) (same); *see also Travelers Insurance Company v. Farm Bureau Federation, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993) (another factor a district court may consider is "whether retaining the lawsuit ... would be in the interest of judicial economy").

5

### III. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is due to be granted. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this the 14th day of October, 1999.

_____
United States District Judge

6